UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN LEE GORE,<br><br>Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS and ERIC SMIDT,<br><br>Defendants. | Civil Action No. 23-20776 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff John Lee Gore's ("Plaintiff") application to proceed *in forma pauperis*, together with Plaintiff's Complaint against Defendants Harbor Freight Tools and its CEO and Chairman, Eric Smidt. (ECF Nos. 1, 1-4, 7.)[1]

Under 28 U.S.C. § 1915, the Court may permit a plaintiff to proceed *in forma pauperis* ("IFP"), which allows the plaintiff to bring a civil suit without paying a filing fee. When considering an IFP application, the Court applies a two-step process: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes,* 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police,* No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted,

---

[1] Plaintiff has filed two Complaints, (ECF Nos. 1, 7). For the purposes of screening the Complaint pursuant to 28 U.S.C. § 1915, the Court will consider Plaintiff's most recently filed Complaint. (ECF No. 7.) In light of Plaintiff's *pro se* status, the Court takes notice of the Exhibits attached to Plaintiff's first Complaint. (ECF Nos. 1-2, 1-3.)

the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Leave to proceed *in forma pauperis* will be granted in this case as Plaintiff has adequately set forth his basis to proceed without paying the fees. The Court also has screened the Complaint to determine if it is frivolous or malicious, or fails to observe the necessary pleading requirements or to state a claim. The Court construes Plaintiff as asserting common law claims for personal injury and product liability and seeks the Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), asserting diversity jurisdiction and an amount in controversy exceeding $75,000. (ECF No. 7.) Based on this Court's preliminary review, the Court will permit the Complaint to proceed.[2]

IT IS on this 24th of April, 2024, **ORDERED** that:

1. Plaintiff's IFP Application, (ECF No. 1-4), is **GRANTED**;
2. The Clerk shall file the Complaint, (ECF No. 7);
3. The Clerk shall **DENY** the Motion for Discovery as unripe (ECF No. 1-6);
4. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each named Defendant;
5. Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;

---

[2] "The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the complaint would survive a properly supported motion to dismiss filed by a defendant after service." *Ramirez v. Harper*, No. 22-4986, 2022 WL 20335766, at *1 (D.N.J. Dec. 8, 2022) (citing *Richardson v. Cascade Skating Rink*, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes "[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (citations and quotation marks omitted)).

6. Upon receiving Plaintiff's completed forms, the Clerk of the Court shall issue summons, and the United States Marshals Service shall serve a copy of the complaint, summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

7. Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12;

8. Pursuant to 28 U.S.C. § 1915(e)(1) and the Local Civil Rules, Appendix H § 4(a), the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel;

9. The Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel;

10. If at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Federal Rule of Civil Procedure 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service; and

11. The Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE